E-FILED
Friday, 12 June, 2026  03:07:22 PM
Clerk, U.S. District Court, ILCD

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

CLARENCE HOPKINS,
    Plaintiff,

v.

KASSIDY TIMMONS,
    Defendant.

Case No. 4:26-cv-04092-JEH

### Merit Review Order

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 7). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Law Library Supervisor Kassidy Timmons. Plaintiff alleges Defendant Timmons removed him from the law library deadline

list. On March 5, 2025, Plaintiff filed a grievance against Defendant Timmons regarding his removal from the list.

On an unspecified date, Plaintiff spoke with Defendant Timmons and asked to be placed back on the deadline list. Defendant Timmons allegedly stated: "You filed a grievance on me and now want to talk to me, you have some nerve, plus, I don't talk to creeps and stool pigeons, just be happy you came today." (Doc. 7 at p. 5).

Plaintiff alleges he submitted multiple requests to be placed back on the list to finish his complaint before it was time barred, to no avail.

Plaintiff spoke with the Assistant Warden about Defendant Timmons and his need to be placed on the deadline list to complete his complaint. The Assistant Warden told Plaintiff he would speak with Defendant Timmons.

When Plaintiff encountered Defendant Timmons again, he attempted to speak with her, but she held up her hand. Defendant Timmons allegedly told Plaintiff that he would have been placed on the list if he had not filed a grievance and went over her head by talking to the Assistant Warden. Defendant Timmons allegedly told Plaintiff that "payback [is] a bitch." *Id.* at p. 7.

When Plaintiff returned to his housing unit, another inmate told him that Defendant Timmons had labelled him a "snitch." *Id.* Plaintiff alleges if inmates believed he was a snitch, they would "make an attempt on his life." *Id.* Plaintiff alleges he reported this conversation to a correctional officer, who told Plaintiff he would speak with a lieutenant about the issue. Plaintiff immediately filed a grievance.

Later that day, a lieutenant escorted Plaintiff to restrictive housing. A week later, Plaintiff received a disciplinary ticket for "intimidation and/or threat and unauthorized movement." *Id.*

2

After the Adjustment Committee hearing, Plaintiff was informed he would receive a disciplinary transfer. When Plaintiff asked the hearing officer why he was being transferred, the officer allegedly stated: "You are a creep that files grievances." *Id.* Plaintiff alleges he appealed the Adjustment Committee's decision to the Administrative Review Board. The intimidation/threat charge was expunged, but the unauthorized movement charge was affirmed.

On approximately April 15, 2025, Plaintiff was transferred to Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff alleges there is an ongoing drug epidemic inside the Illinois Department of Corrections, and Pinckneyville is "ground zero" for drug abuse and secondhand smoke. *Id.* at p. 8. Plaintiff alleges inmates allegedly smoke paper laced with fentanyl, wasp and roach spray, marijuana, and other synthetic drugs. Plaintiff alleges there have been approximately twenty deaths, and correctional staff have fainted due to the smoke. On May 14, 2025, Plaintiff alleges he became dizzy from the thick clouds of toxic smoke and fell from his top bunk, injuring his neck and back. Due to the transfer to Pinckneyville, Plaintiff alleges he is unable to have regular visits with his daughter and her mother because of the distance.

### III

Plaintiff alleges Defendant Timmons removed him from the law library deadline list. Plaintiff does not provide any information about his complaint or the legal claims involved. To state a claim for denial of access to the courts, "Plaintiff must allege he suffered an actual injury due to his inability to pursue a non-frivolous claim and identify that specific legal claim involved." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Plaintiff's allegations are insufficient to proceed on a First Amendment access to courts claim.

To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Prisoners have a protected First Amendment right to file grievances. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a grievance, as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Based on his allegations, the Court finds that Plaintiff has stated a First Amendment claim against Defendant Timmons for allegedly retaliating against him for filing a grievance against her on March 5, 2025.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on a First Amendment retaliation claim against Defendant Kassidy Timmons for allegedly retaliating against Plaintiff for filing a grievance against her on March 5, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3)      The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect

4

formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4)    Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

5)    If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)    This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly

to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)     Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

8)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)     Plaintiff shall be provided with a copy of all pertinent medical records upon request.

10)     Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: June 12, 2026

s/Jonathan E. Hawley
U.S. District Judge